UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER MCCONNELL, et al., | § § § § |
| *Plaintiffs*, | § § |
| v. | §   Civil Action No. 3:20-CV-01457-X § |
| SOUTHWESTERN BELL TELEPHONE L.P., et al., | § § § § |
| *Defendants*. | § § |

## MEMORANDUM OPINION AND ORDER

Christopher McConnell and five other employees ("Plaintiffs") sued Southwestern Bell Telephone L.P. ("Defendants"), their employer, to recover unpaid overtime wages. The Plaintiffs filed this Motion for Leave to File an Amended Complaint to join a seventh plaintiff, Cheryl Brown, to this suit. [Doc. No. 21]. For the reasons explained below, the Court **GRANTS** the Motion for Leave to File an Amended Complaint.

### I. Factual Background

The Plaintiffs worked at the Defendants' AT&T call center in San Antonio and sought recovery of unpaid wages from the Defendants. The Plaintiffs allege that the Defendants had a policy or practice of failing to record employees' actual work hours which deprived them of full pay. The Plaintiffs' complaint alleges that the Defendants violated the Fair Labor Standards Act (the "Act")'s overtime

1

requirements by failing to pay revenue management representatives for overtime performed outside their shifts and during meal breaks.

The present lawsuit arises out of a former Fair Labor Standards Act collective action ("*Mosley-Lovings*") that the Plaintiffs voluntarily agreed to decertify because they were missing computer data from the Defendants. After decertification, the data was found and some employees from the Defendants' Dallas location, including Brown, sought to be added back to the *Mosley-Lovings* collective action in a motion filed on April 21, 2020. The Court denied that motion on July 31, 2020. The Plaintiffs filed the present lawsuit on July 6, 2020. Now, the Plaintiffs seek to amend their complaint to join Brown to this suit.

The Defendants contest this leave on the basis of (1) futility of amendment and (2) undue delay. The Defendants argue the amendment is futile because it would result in improper joinder of parties and state that Brown's claims are highly individualized and not appropriate for trial jointly. Specifically, the Defendants argue that Brown's claims differ substantially from at least one other plaintiff's claims because: (1) Brown occasionally reported incidental overtime but sometimes decided not to, while the other plaintiff ("McConnell") was prohibited from ever reporting incidental overtime; and (2) Brown halted calls coming in on her lunch break because she would not get the time spent working during the lunch break added back to her lunch time, while McConnell was prohibited from halting calls arriving at lunch time but his lunch break time would be adjusted so the amount of time spent on a call was added to his lunch break. The Defendants conclude that these

differences make the claims factually separate. Alternatively, the Defendants contend that the amendment would result in undue delay because Brown never explained her delay in filing suit or her reason for seeking to join this case specifically.

## II. Legal Standards

Under the Federal Rules of Civil Procedure Rule 15(a), "a court should freely give leave" for a party to amend its pleadings "when justice so requires."[1] Leave is not automatic, but courts must provide a "substantial reason to deny a party's request for leave to amend."[2] If allowing the amendment would result in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party," or "futility of amendment," then a substantial reason to deny leave exists.[3] But if there is not a clear reason to deny, "the leave sought should, as the rules require, be 'freely given.'"[4] "Even if substantial reason to deny leave exists, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave."[5]

---

[1] FED. R. CIV. P. 15(a)(2).

[2] *Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation marks omitted).

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Id.* (citing FED. R. CIV. P. 15(a)(2)).

[5] *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

## III. Analysis

### A. Futility of Amendment

The Defendants argue that allowing the Plaintiffs to amend their complaint to join Brown would be futile because it would result in improper joinder. The Court disagrees.

Amendment must be *clearly* futile in order to deny the motion on that basis.[6] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[7] Most commonly, a court denies leave for futility because "the theory presented in the amendment lacks legal foundation" or the theory has already been presented.[8] Noncompliance with party joinder rules also makes a proposed amendment futile.[9] Therefore, if the Plaintiffs' proposed amendment resulted in clearly improper joinder, the amendment would probably be futile. However, the Defendants did not show why joinder of Brown is clearly improper here.

First, the Defendants incorrectly assert that the decertification standard is instructive in determining if joinder is proper. A plain reading of 29 U.S.C. § 216(b)

---

[6] *Moore v. Dallas Indep. Sch. Dist.*, 557 F. Supp.2d 755, 759–60 (N.D. Tex. March 14, 2008) (Fitzwater, C.J.).

[7] *Marucci*, 751 F.3d at 378; *see also Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000); *Strickland v. Bank of New York Mellon*, No. 20-10124, 2020 WL 7346476, at *5–6 (5th Cir. 2020).

[8] *Jamieson,* 772 F.2d at 1208.

[9] *Wilson v. Bruks-Klockner*, 602 F.3d 363, 368 (5th Cir. 2010) (discussing the heightened standard of scrutiny when a court denies leave solely based on futility and finding no abuse of discretion for not allowing a pleading amendment when there was no reasonable basis that the plaintiff could recover against the non-diverse defendant); *Hutchison v. Sabretech, Inc.*, No. 2:96-CV-424-J, 1997 WL 424458, at *1 (N.D. Tex. May 30, 1997) (Robinson, J.) (denying plaintiff's motion to join a defendant in age discrimination suit because joinder would be futile based on untimeliness, the defendant's lack of notice, and the defendant not being named in the age bias charges).

indicates that the requirements for the Act's class certification are not the same as those required for party joinder under Rule 20(a). In section 216(b) Congress mandated that plaintiffs had to be "similarly situated" to maintain a collective action under the Act.[10] In other words, Congress expressly chose not to use Rule 20(a) joinder language when addressing collective certification. It is impractical to draw equivalence between the statutory standard and Rule 20(a) joinder when faced with such a blatant textual barrier, i.e., that Congress chose not to use the Rule 20(a) language in the Act.[11] Therefore, after decertifying a collective, courts evaluate joining parties to a new lawsuit under the Rule 20(a) standard.[12]

Under Rule 20(a), joinder of plaintiffs is proper when "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."[13] This creates a two prong test "allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims."[14] The Plaintiffs

---

[10] 29 U.S.C. § 216(b).

[11] *See Portillo v. Permanent Workers L.L.C.*, 662 F. App'x 277, 279–80 n. 14 (5th Cir. 2016) (noting that the textual hurdles implied by Congress's decision in § 216(b) to not use language from either Rule 23 or Rule 20(a) prevent courts from interpreting "similarly situated" under the same framework as the Federal Rules).

[12] *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (considering proper joinder under Rule 20 standard); *see also Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984) (distinguishing between a collective, subject to § 216(b) standards, and joined plaintiffs, subject to the Rule 20(a) standard)

[13] FED. R. CIV. P. 20(a)(1)(A)–(B).

[14] *Acevedo*, 600 F.3d at 521 (quoting FED. R. CIV. P. 20(a)(1)(A)–(B)).

assert that their claims arise from the Defendants' policy or practice of failing to record an employee's actual hours worked. Simply put, the Plaintiffs are asserting that their claims arise out of the same series of transactions or occurrences, while the Defendants argue that the factual differences between Brown's claims and the other Plaintiffs' claims show that they do not arise out of the same transactions or occurrences.

Claims arise out of the same transactions or occurrences when the complaint alleges a defendant's pattern or policy of behavior, regardless of differences amongst the plaintiffs' individual claims.[15] In fact, joinder is appropriate based on the plaintiffs' proper "*allegation* of a company-wide policy," "not the *existence* of a company-wide policy."[16] In similar cases under the Act, courts found that plaintiffs' claims arise out of the same transactions or occurrences when the plaintiffs alleged the same legal violations and were employed by the same employer in similar positions.[17] For instance, the Fifth Circuit found that twenty-two employees' claims arose out of the same transactions or occurrences when the plaintiffs sued their employer for unpaid overtime wages.[18] The plaintiffs alleged that their employer (a

---

[15] *See Battison v. Cty. of Electra*, No. 7:01-CV-037-R, 2001 WL 497769 at *2 (N.D. Tex. May 8, 2001) (Buchmeyer, C.J.) (finding joinder appropriate even when plaintiffs' claims were based on numerous distinct instances on several different occasions); *see also Afabor v. Racetrac Petroleum, Inc.*, No. Civ.A. 3:05-CV-2255, 2006 WL 1343636 at *1, *4 (N.D. Tex. May 15, 2006) (Solis, J.) (joinder was appropriate even where plaintiffs' claims took place at different locations of the company across the country).

[16] *Afabor*, 2006 WL 1343636 at *3 (explaining *United States v. Mississippi*, 380 U.S. 128, 142–43 (1965)).

[17] *See Allen*, 724 F.2d at 1134–35; *see also Granchelli v. P & A Ints. Ltd.*, No. H–11–4514, 2013 WL 435942 at *3 (S.D. Tex. Feb. 4, 2013)

[18] *Allen*, 724 F.2d at 1135.

Houston petroleum refinery) required them to remain at work for twenty-four hours each day while other employees went on strike.[19] According to the plaintiffs, the refinery failed to adequately compensate them for the time they were off-duty but still required them to stay at the refinery.[20] The court found proper joinder irrespective of some differences in uncompensated time amongst the plaintiffs. Specifically, the amount of uncompensated time varied among the plaintiffs.[21] After its initial "stay" requirement, the refinery allowed some plaintiffs to leave after their twelve-hour shift while still requiring other plaintiffs to stay the full twenty-four hours.[22]

Similarly, in *Granchelli*, the plaintiff sought leave to amend the complaint to join an additional plaintiff.[23] The same employer employed both the plaintiffs as auto mechanics, roughly around the same time (between 2009 and 2011).[24] The district court found that the plaintiffs' claims for unpaid wages and unpaid overtime hours arose out of the same transactions or occurrences.[25]

Courts have discretion to refuse joinder because of a judicial efficiency concern, however.[26] For instance, the Fifth Circuit decided joinder was improper because a

---

[19] *Id.* at 1132–33.

[20] *Id.*

[21] *Id.* at 1134.

[22] *Id.*

[23] 2013 WL 435942 at *3.

[24] *Id.*

[25] *Id.*

[26] *Acevedo*, 600 F.3d at 521.

single case would be inefficient with eight hundred plaintiffs, even if their claims arguably arose out of the same transactions or occurrences.[27]

In this case, the Defendants did not definitively show that Brown's claims do not arise out of the same transactions or occurrences as the other Plaintiffs'. Each claim facially asserts a common question of fact (whether the Defendants have a policy of failing to record its employees' actual work hours), and the in the Plaintiffs' complaint seemingly arise out of the same transactions or occurrences as Brown's allegations. The Defendants employed each the plaintiffs and Brown at their call centers, and each individual had similar job duties during roughly the same time in the relevant limitations period. It is true that Brown worked at a different location than the other Plaintiffs, but the Fifth Circuit has never found that location is dispositive for determining whether joinder is proper.

Therefore, the weight of the circumstances indicates that the parties' claims probably arise out of the same transactions or occurrences regardless of the variations between McConnell's and Brown's claims. And adding Brown as a seventh plaintiff fails to raise judicial efficiency concerns like those in *Acevedo*. Therefore, the Court cannot deny leave to amend based on futility.

## B. Undue Delay

The Defendants also argue that allowing leave to amend would result in undue delay. Delay alone is insufficient basis to deny a motion for leave to amend.[28] The

---

[27] *Id.* at 522.

[28] *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

delay must be undue, meaning it would result in unwarranted burdens on the court or prejudice to the non-moving party.[29] The Fifth Circuit found that denying a motion for leave to amend on the basis of undue delay is appropriate only after the court has rendered a decision on a motion to dismiss, or when there is ample evidence showing that leave would delay trial or otherwise prejudice the defendant, or when the amendment would not add any substance to the original complaint.[30]

In light of this standard, the Defendants failed to show how the Plaintiffs' motion for leave to amend the complaint would result in undue delay.  First, there are no pending or finalized motions in this case which leave would unreasonably halt or diminish.  Second, the Defendants did not show that leave would result in prejudice or unreasonably delay a trial or other proceeding.  This case is still in its early stages.  Additionally, Brown had a legitimate reason for waiting to join this case; she was involved in a related matter which was pending until she sought joinder in this case.  And the Defendants already deposed her.  As a result, the Court determines that granting the Plaintiffs' motion for leave to amend will not result in undue delay.

---

[29] *Id.*

[30] *See Whitaker v. City of Hous., Tex.*, 963 F.2d 831, 837 (5th Cir. 1992) (finding denial of leave to amend appropriate when new materials still did not provide any supporting evidence for plaintiff's claim and the plaintiff never sought to amend the complaint during the eleven months that the motion to dismiss was pending); *see also Allen v. Walmart Stores L.L.C.*, 907 F.3d 170, 186 (5th Cir. 2018) (finding undue delay when plaintiff waited to file a motion for leave to amend until after the court ruled on the defendant's motion to dismiss); *see also Earlie v. Jacobs*, 745 F.2d 342, 345 (5th Cir. 1984) (denying leave to amend when the evidence showed leave would delay the trial, prejudice the defendant, and would not add anything of substance to the original allegations).

## IV. Conclusion

Accordingly, the Court **GRANTS** the Motion for Leave to file an Amended Complaint.

**IT IS SO ORDERED** this 21st day of April, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE